**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CORONEL, AKA Juan Coronel Garcia,<br><br>                    Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                    Respondent. | No.    16-73613<br><br>Agency No. A070-056-683<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018**

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Juan Coronel, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for deferral of removal under the

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's denial of deferral of removal under the CAT because Coronel failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government of Mexico. *See* 8 C.F.R. § 1208.16(c)(2); *Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007).

We reject as unsupported by the record Coronel's contentions that the agency did not use the correct legal standard and erred in its analysis. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

The government's motion to expedite adjudication and vacate the stay of removal is denied. The temporary stay of removal will terminate upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

2                                                                    16-73613